ing him the papers, and calling his attention to the defect. Such should be the practice whenever an order is improvidently made—a common thing; for orders are generally obtained *ex parte,* and often hastily at the last moment. For one, I am not prepared to say that even if obtained by the fraud of the party, an order can be treated as a nullity; certain it cannot on account of mere irregularity. It is a judicial act done in the course of the cause, open to a rehearing and an appeal to this court; and I am not aware of any case in which such an act has been holden void even for fraud. The case of judicial acts avoided on that ground, relate to collusive proceedings between third persons: for instance, judgments to defraud creditors and the like. The case is altogether different from a delay sought to be worked by the trick of the party himself, or his attorney, like the fraudulent retainer of a distant attorney, at the close of the time for pleading, and on the verge of the time at which the cause might otherwise be noticed for trial.

The motion to set aside the inquest is, therefore, granted.

The motion to change the venue is denied. The affidavits furnish no excuse for delay to move at the April term, by which the plaintiff has lost both circuits.

Ordinarily, costs of making the first and opposing the second motion would follow; but as each will probably be about equal, no costs are given either way.

---

## ANON.

*July, 1840.*

On an *attachment* for not returning an execution, if the *coroner* returns that the *sheriff* is in his custody upon an execution against his body, the court will award an *alias* attachment and a *habeas corpus* to bring up the sheriff.

ON an attachment against a sheriff for not returning an execution, the coroner returned that the sheriff was in his custody by virtue of an execution against his body. Whereupon the court directed an *alias* attachment to issue and awarded a writ of *habeas corpus* to bring up the body of the sheriff. 2 *R. S.* 536, § 7.